IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRESTON LEE R.,[1]   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | CIVIL ACTION |
| v.   ) | |
| ) | No. 20-1154-JWL |
| ANDREW M. SAUL,   ) | |
| **Commissioner of Social Security,**   ) | |
| ) | |
| **Defendant.**   ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act).  Finding no error in the Administrative Law Judge's (ALJ) evaluation of Dr. Kent's medical opinion, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed applications for DIB and SSI benefits on February 18, 2015.  (R. 12, 226).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in considering the opinions of examining physician, Dr. Kent.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

2

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.      Evaluation of the Medical Source Opinions

Plaintiff claims the ALJ erred in weighing Dr. Kent's opinion because he accorded it some weight but omitted from the RFC assessed her opined limitation in difficulty with sustaining persistence, and did not explain the omission.  (Pl. Br. 19).  Plaintiff argues the ALJ did not address Dr. Kent's limitation in sustained persistence, id. at 21; stated Dr. Kent's opinion is, to a degree, adopted by the RFC assessed; but "never acknowledged Dr. Kent's opinion that [Plaintiff] would have difficulty with sustained persistence and never provided a reason to omit the limitation or any other limitation from the opinion." Id.  Plaintiff infers this situation creates an ambiguity and asserts, "Resolution of this ambiguity is necessary."  Id.  Plaintiff points out that material inconsistencies or ambiguities in the evidence must be explained and if the RFC assessed conflicts with a

4

medical opinion, the ALJ must explain why the opinion was not adopted. (Pl. Br. 21) (citing Soc. Sec. Ruling (SSR) 96-8p). Plaintiff also quotes this court's opinion in Barton v. Colvin, No. 15-1272-JWL, 2016 WL 5109933, at *2 (D. Kan. Sept. 20, 2016) for that proposition and another—that although "it is the ALJ's responsibility to assess RFC and to resolve differences in the evidence including the medical opinions, that responsibility is not carte blanche." (Pl. Br. 22) (quoting Barton) (emphasis in Barton). Finally, Plaintiff argues the ALJ's evaluation of the other medical opinions does not explain "the ALJ's reasons for omitting a limitation in persistence altogether." Id. at 26-27.

The Commissioner asserts Plaintiff's argument fails both because Dr. Kent did not articulate a functional limitation in sustaining persistence and because such difficulty as Dr. Kent suggested was accounted for in the RFC assessed. (Comm'r Br. 7). He points out that Dr. Kent stated only "that Plaintiff's condition affects his ability to sustain persistence" without mentioning the degree persistence was affected or the restrictions imposed. Id. at 7-8 (quoting R. 898) (brackets and quotations omitted). He also noted Dr. Kent's opinion "[Plaintiff]'s ability to sustain attention, concentrate, and exert mental control is in the average range." Id. at 8 (quoting R. 909). He argues that although no medical opinion suggested a moderate limitation in concentration, that limitation is accommodated within the ALJ's limitation to unskilled work. Id. (citing Vigil v. Colvin, 805 F.3d 1199, 1204 (10th Cir. 2015 (finding a limitation to a specific vocational preparation (SVP) level one or two accommodated a moderate limitation in concentration, persistence, and pace); Bales v. Colvin, 576 F. App'x 792, 798 (10th Cir. 2014) (same, limitation to unskilled work)). The Commissioner points out that the ALJ

5

here also limited Plaintiff to simple, routine, repetitive work with only simple work-related decision making, only occasional interaction with others and no more than occasional changes to simple work settings. (Comm'r Br. 9) (citing R. 19).

### A.   Dr. Kent's Opinions

Dr. Kent performed a psychological evaluation of Plaintiff on September 6, 2017, including a Mental Status Evaluation, a Wechsler Adult Intelligence Scale—Fourth Edition (WAIS-IV), and a Wechsler Memory Scale—Forth Edition (WMS-IV) and prepared a Medical Source Statement regarding Plaintiff's mental abilities and limitations, and a report of her evaluation. (R. 897-909). In her Medical Source Statement. Dr. Kent opined Plaintiff's ability to understand, remember, and carry out instructions is not affected by his impairment. (R. 897). She found his ability to interact appropriately and respond to changes in a routine work setting are affected by his impairment, and opined that he is moderately restricted in the abilities to interact appropriately with the public, supervisors, and co-workers, and is moderately restricted in his ability to respond appropriately to usual work situations and to changes in a routine work setting. Id. at 898. As is at issue here, the Medical Source Statement completed by Dr. Kent asked, "Are any other capabilities (such as the ability to concentrate, persist, or maintain pace and the ability to adapt or manage oneself) affected by the impairment? If 'yes,' please identify the capability and describe how it is affected." Id. Dr. Kent checked the block "yes," and responded, "Psychiatric condition affects ability to sustain persistence." Id. In response to the form's instruction to identify the factors supporting her assessment, Dr. Kent responded, "based on observation of behavior." Id.

Dr. Kent summarized the report of her evaluation:

The claimant was referred for psychological evaluation by Social Security Disability Services. The claimant is applying for disability because of physical and psychiatric difficulties. The claimant last worked in 2015 as a mechanic. His general cognitive ability, as estimated by the WAIS-IV, is in the average range (FSIQ = 94). [Plaintiff]'s verbal comprehension and perceptual reasoning abilities were both in the average range (VCI = 93, PRI = 96). [Plaintiff]'s ability to sustain attention, concentrate, and exert mental control is in the average range (WMI = 100). [Plaintiff]'s ability in processing simple or routine visual material without making errors is in the average range when compared to his peers (PSI = 92). [Plaintiff] was administered 10 subtests of the Adult battery of the WMS-IV. [His] ability to listen to oral information and repeat it immediately, and then recall the information after a 20 to 30 minute delay is in the Average range. His memory for visual details and spatial location is in the Average range. His ability to temporarily hold and manipulate spatial locations and visual details is in the Average range. [Plaintiff]'s ability to recall verbal and visual information immediately after the stimuli is presented is in the Average range. His ability to recall verbal and visual information after a 20 to 30 minute delay is in the Average range. He indicated that his psychiatric issues make it difficult to be around people because of anxiety and paranoia. He reported difficulty concentrating because of hallucinations. He was quite anxious during the interview portion of the exam, but was quite calm and concentrated well during formal testing. His functioning most likely would be improved were he able to resume treatment with Abilify.

(R. 915).

### B.     The ALJ's Findings and Evaluation of Dr. Kent's Opinion

In his discussion of his step three evaluation, the ALJ found Plaintiff moderately limited in the broad mental functional area of concentrating, persisting, or maintaining pace. (R. 18). He noted Plaintiff's average scores on psychological testing performed by Dr. Kent. He continued:

On the other hand, the claimant reports difficulty concentrating due to hallucinations. The claimant is diagnosed with schizoaffective disorder, bipolar type. Nevertheless. [sic] Office treatment notes generally show that

7

> the claimant is alert, oriented, his attention and concentration are within normal limits, and he makes good eye contact (11F/15; 19F/3; 20F/3[, R. 915, 970, 999]). Accordingly, the undersigned finds that the claimant has a moderate limitation in concentrating, persisting, or maintaining pace.

(R. 18).

In his discussion of Plaintiff's mental impairments, the ALJ summarized and discussed Dr. Kent's evaluation:

> The claimant participated in a consultative psychological examination with Jan Snider Kent, Ph.D. as part of his disability claim. Dr. Kent estimates that the claimant functions with average ability in general cognitive ability. The consulting examiner notes that the claimant experiences difficulty being around people, and difficulty concentrating due to hallucinations. The claimant appears anxious during this consultative interview, but he is calm and concentrated well during formal testing. Dr. Kent diagnoses the claimant with schizoaffective disorder, bipolar type, panic disorder with agoraphobia, and with post-traumatic stress disorder (11F/15[, R. 915]). These abilities are certainly consistent with an ability to perform simple work of the type described in the above residual functional capacity assessment. As for the claimant's capacity to tolerate social interaction, a restriction to work that does not involve contact with the general public is warranted, but as noted above, the claimant appears to be able to tolerate one-on-one or small group interactions.

(R. 22). He explained the weight accorded Dr. Kent's opinion, "The opinion is consistent with the evidence, and Dr. Kent notes that the claimant's ability to persist is affected by his condition. Dr. Kent's opinion is given some weight, and the opinion is to a degree adopted by the above residual functional capacity assessment." Id.

The ALJ considered and discussed the other medical opinions of record, and the court discusses them here as they relate to the mental functional area of maintaining concentration, persistence, or pace. The ALJ noted that the state agency psychological consultants, Dr. Singer and Dr. Goodrich opined that Plaintiff has "a moderate limitation

8

in difficulties in maintaining concentration, persistence, or pace," and "can sustain concentration and persistence with at least simple tasks and probably moderately complex ones." (R. 23). Although the ALJ accorded only "limited weight" to the psychological consultants' opinions, id. at 24, he found "certain aspects" of their "opinions are in fact consistent with the residual functional capacity" he assessed, but noted that he included further limitations because the consultants' opinions are inconsistent with the ability for occasional interaction with the public as assessed by the ALJ. Id. at 23. The ALJ noted that Dr. Grotheer opined extreme limitations in Plaintiff's ability to maintain attention and concentration for extended periods, id. at 24, but accorded only little weight to Dr. Grotheer's opinion because his examination notes generally relate to physical conditions, he does not appear to regularly treat Plaintiff's mental health conditions, he is not a mental health specialist, and his opinions are not supported by the other objective findings in the record. Id. at 25.

### C. Analysis

The court agrees with Plaintiff that an ALJ must explain how all material inconsistencies and ambiguities in the evidence were considered and resolved. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2020). And, if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. Id. at 150. The problem for Plaintiff is he has not shown material inconsistencies and ambiguities which were not considered and resolved or that the RFC assessed conflicts with Dr. Kent's medical opinion in this case.

Plaintiff's assertion the ALJ did not address Dr. Kent's limitation in sustained persistence is belied by the ALJ's statement quoted above, "Dr. Kent notes that the claimant's ability to persist is affected by his condition." (R. 22).  His argument the ALJ "never acknowledged Dr. Kent's opinion that [Plaintiff] would have difficulty with sustained persistence" (Pl. Br. 21), is belied by the same statement.  Moreover, Plaintiff overstated Dr. Kent's alleged opinion.  Dr. Kent did not opine that Plaintiff would have difficulty with sustained persistence, she opined Plaintiff's "Psychiatric condition affects ability to sustain persistence." (R. 898).  That Plaintiff's condition <u>affects</u> his ability to sustain persistence does not compel finding he will have <u>difficulty</u> sustaining persistence. Moreover, at step three, the ALJ specifically found Plaintiff has a moderate limitation in the area of concentrating, <u>persisting</u>, or maintaining pace.  (R. 18).

Plaintiff's argument the ALJ never provided a reason to omit the limitation from the RFC assessed merely assumes without demonstrating that the ALJ omitted the limitation.  To be sure, the ALJ did not state in the RFC assessed that Plaintiff has difficulty sustaining persistence or is moderately (or to some other degree) limited in sustaining persistence.  But an RFC must be expressed in terms of specific work-related functions.  SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 147.  "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in" the four functional areas.  <u>Id.</u> at 146.  Stating that a claimant has difficulty or is moderately limited in an area is not to state a functional limitation.  Here, the ALJ stated Plaintiff's mental RFC in terms of mental functions: "he is limited to simple, routine,

10

repetitive-type tasks involving only simple work-related decision-making in an environment with only occasional interaction with others, and no more than occasional change to the simple work setting."  (R. 19) (finding no. 5, bold omitted).  As the Commissioner argued, the Tenth Circuit has held that a limitation to unskilled work is a sufficient limitation to account for a moderate limitation in maintaining concentration, persistence, or pace; Vigil, 805 F.3d at 1204;  Bales, 576 F. App'x at 798.  Here, the ALJ limited Plaintiff to unskilled work with additional detailed functional limitations, and Plaintiff has not shown those limitations will not accommodate the effect his psychiatric condition has on his ability to sustain persistence.

Plaintiff's argument that the ALJ's evaluation of the other medical opinions does not explain "the ALJ's reasons for omitting a limitation in persistence altogether" (Pl. Br. 26-27) also fails because he has not shown the limitation was omitted.  Further, the ALJ's consideration of the other medical opinions relating to concentration, persistence, and pace as discussed above sheds light on the path the ALJ took in assessing his RFC relating to persistence, and reinforces the court's conclusion Plaintiff has shown no error.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 7, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**